## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Donna S. Berry,

        Plaintiff,

v.

The Board of Trustees of the University of
Illinois,

        Defendant.

No. 23 CV 01410

Honorable Nancy L. Maldonado

### Memorandum Opinion and Order

Pro se Plaintiff Donna S. Berry brings this lawsuit for employment discrimination against her employer, the Board of Trustees of the University of Illinois ("Board"). Berry alleges the Board subjected her to discriminatory conduct because of her race, age, and sex, and that the Board unlawfully retaliated against her after she raised complaints about her treatment. Berry's operative Amended Complaint states she is bringing discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981, as well as a state law claim under the Illinois Gender Violence Act (IGVA) 740 ILCS 82/10. (*See* Dkt. 14.)

Pending now is a motion by the Board to dismiss Berry's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 22.) For the reasons stated in this Opinion and Order, the Board's motion is granted in part and denied in part. Berry's claim under the IGVA and her separate claim for "adverse action" are dismissed for failure to state a claim. The Board's motion is otherwise denied, as the Court finds that Berry's Amended Complaint puts the Board on sufficient notice of the basis for her employment discrimination claims.

1

**Background**

The Court takes the following factual background from the well-pled allegations in the Amended Complaint (Dkt. 14)[1] and assumes the allegations to be true for the purposes of the instant motion. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016).

Berry, an African-American woman, is employed as a Customer Service Assistant at the University of Illinois Hospital and Health System ("UI Health") in Chicago, Illinois. (Dkt. 14 ¶ 10.) UI Health is affiliated with the University of Illinois at Chicago and falls under the authority of the Board. (Dkt. 14 ¶ 10–11.) Berry states that she has worked at the Arthritis and Kidney Clinic at UI Health for the past nine years, and that her duties include greeting patients, checking patients in and out for appointments, and scheduling. (*Id.* ¶ 14.)

Berry alleges that, from approximately March 2021 through at least October 2022, she was subjected to repeated instances of harassment and disparate treatment by her supervisor at the clinic, Amaechi Ohaja. (*See generally id.* at 6–14.) The Amended Complaint details a number of alleged incidents during this period, including that Ohaja: made false and defamatory statements about the quality of Berry's work in front of coworkers, including that Berry was lazy and did not know how to do her job; gave Berry lower performance ratings than she had earned in years prior, expressly stating that he was trying to block her from being promoted; attempted to discipline Berry for non-compliance with the UI Health's COVID-19 vaccination requirement, even though Berry had received an exemption from UI Health; and harassed Berry while she was home sick with COVID-19, pressuring her to return and work while sick. (*Id.* ¶¶ 14–25.) Berry alleges that Ohaja subjected her to this harassment and treated her more harshly than her coworkers on account of her race, sex, and age. In particular, Berry points to disparaging and insulting comments Ohaja

---

[1] In citations to the docket, page numbers are taken from the CM/ECF headers.

allegedly made towards her about her sex and age, including that Berry was "too old," that "women her age do not get promoted," and that she was "unprofessional and a stupid woman." (*Id.* ¶¶ 25–27). Berry further claims that Ohaja treated other younger, non-African American employees more favorably, including in performance reviews and in how he applied UI Health's COVID-19 policies. (*See, e.g.*, *id.* ¶¶ 26, 28–30.).

Berry states that she filed a grievance with UI Health about Ohaja's conduct in around January 2022, but that the disparate and harassing treatment continued, including by Ohaja initiating unfounded disciplinary proceedings against her. She ultimately filed a complaint with the EEOC in October 2022, and alleges that Ohaja subsequently retaliated against her for her prior grievance by suspending her for 5 days without pay in October 2022. (*Id.* ¶¶ 25, 28, 39.)

After receiving a notice of right to sue letter from the EEOC, Berry initiated the present lawsuit against the Board in March 2023. (Dkt. 1.) Berry filed her operative Amended Complaint on April 24, 2023; Count I of the Amended Complaint asserts a combined claim for employment discrimination under Title VII, race discrimination under 42 U.S.C. § 1981, gender violence under the IGVA, and retaliation; Count II purports to bring a claim for "adverse action," citing to 12 C.F.R § 1002.9 and 15 U.S.C. § 1681a(k)(1). (Dkt. 14.) The Board has appeared and responded to the Amended Complaint with the instant motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (Dkt. 22.)

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.

*Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The Court need not, however, accept conclusory allegations, or allegations that contain only legal conclusions. *See, e.g., Dix v. Edelman Fin. Servs*., LLC, 978 F.3d 507, 513 (7th Cir. 2020) (citations omitted). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Discussion

The Board's motion to dismiss raises three main arguments: (1) Count I of Berry's Amended Complaint should be dismissed because it improperly combines multiple causes of action into a single count in violation of Rule 10(b), and it should be re-pled into separate counts; (2) Berry has not plausibly stated a claim under the IGVA; and (3) there is no independent claim for "adverse action" and Count II should be dismissed as duplicative. (Dkt. 22.)

As explained further below, the Court agrees with the Board's second and third arguments that Berry has not stated a claim under the IGVA, and that her purported cause of action for "adverse action" fails to state a claim for relief. Both of these claims are therefore dismissed. On the other hand, the Court rejects the Board's argument that Count I of the Amended Complaint should be dismissed and re-pled under Rule 10(b).

### A. Rule 10(b) does not require dismissal of Count I.

First, the Board asks the Court to dismiss Count I pursuant to Rule 10(b) because it combines multiple causes of action in a single count. Federal Rule of Civil Procedure 10 sets out

the general format that pleadings must take, and paragraph (b) in particular sets forth certain

requirements for separately numbered paragraphs and separate "counts" for each claim:

> A party must state its claims or defenses in numbered paragraphs, each limited as
> far as practicable to a single set of circumstances. A later pleading may refer by
> number to a paragraph in an earlier pleading. If doing so would promote clarity,
> each claim founded on a separate transaction or occurrence—and each defense
> other than a denial—must be stated in a separate count or defense.

Fed R. Civ. P. 10(b). The Seventh Circuit has explained that the purpose of Rule 10(b), in

conjunction with the general rules of pleading under Rule 8, is to "give defendants fair notice of

the claims against them and the grounds supporting the claims." *Standard v. Nygren*, 658 F.3d

792, 797 (7th Cir.2011) (citations omitted). In light of this purpose, courts should generally grant

dismissal under Rule 10(b) only where the complaint is "so unintelligible that the defendant cannot

reasonably be expected to be on notice of the plaintiff's claims." *See Intercom Ventures, LLC v.

FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621, at *5 (N.D. Ill. May 28, 2013) (citing *Standard*,

658 F.3d at 798 ("[T]he issue is notice; where the lack of organization and basic coherence renders

a complaint too confusing to determine the facts that constitute the alleged wrongful act, dismissal

is an appropriate remedy.")).

The Board argues that Count I of Berry's Amended Complaint violates Rule 10(b) because

it "improperly muddles multiple causes of action" in a single count. While Count I includes a

header captioned as "Title VII of the Civil Rights Act of 1964," the paragraphs under Count I

indicate that Berry is asserting claims for sexual harassment in violation of Title VII, race

discrimination in violation of § 1981, gender violence under the IGVA, retaliation, and "age

discrimination in violation of Title VII." (Dkt. 14 ¶¶ 46–47.) The Board argues that this manner of

combining multiple statutory claims in one count violates the requirement in Rule 10(b) that each

claim "founded on a separate transaction or occurrence" be stated in separate counts. (Dkt. 22 at

3.) The Board points for support to a line of district court opinions interpreting the "separate transaction or occurrence" language in Rule 10 as requiring "separate counts for each distinctive statutory and constitutional claim." (*Id.*) (citing *Demes v. ABN Amro Servs*. Co., No. 01 C 0967, 2001 WL 563813, at *2 (N.D. Ill. May 23, 2001)). The Board thus contends that this combined manner of pleading not only violates Rule 10, but also deprives it of fair notice of the claims against it, because in any future dispositive motion the Board would have to guess at which causes of action Berry truly intended to plead. (Dkt. 22 at 3–4.) The Board further suggests that some of the combined claims fail to state a claim for relief, such as the IGVA claim and Berry's attempted claim for age discrimination under Title VII. (*Id.*) The Board thus requests that the Court dismiss the combined count under Rules 10(b) and 12(b)(6) and require Berry to replead her claims in separate counts, in order to provide the Board notice of her claims and make it easier for the Court to resolve each individual cause of action in the future. (*See* Dkt. 22 at 3–4) (citing *Livingston v. Village of Dolton*, No. 02 C 6003, 2003 WL 1463635, at *6 (N.D. Ill. Mar. 20, 2003) (dismissing count under Rule 10 that combined a federal and state law claim).

The Court is generally not persuaded by the Board's arguments, which elevate form over substance. As a threshold matter, while some district courts in this Circuit have interpreted Rule 10(b)'s "separate transaction or occurrence" language to require that different statutory claims be pled in separate counts, this interpretation of Rule 10(b) has been expressly rejected by many other courts in this Circuit. *See generally Tompkins v. Cent. Laborers' Pension Fund*, No. 09-CV-4004, 2009 WL 3836893, at *3 (C.D. Ill. Nov. 16, 2009) (collecting cases holding that distinct legal claims may be combined in a single count.). This Court agrees with the latter view. As the court in *Tompkins* observed, the plain language of Rule 10(b) refers only to pleading separate counts for claims based on "separate transactions or occurrences"; the Rule says nothing about pleading

different legal claims or statutory remedies based on the same transaction or occurrence into different counts. *Id.* at *3. In other words, there is nothing in the language of Rule 10 that requires separate counts for each legal claim when the claims merely constitute different potential legal grounds for relief based on the same events. Indeed, the Seventh Circuit has been explicit that plaintiffs are not even required to plead specific legal theories, or cite specific statutes at all. *See, e.g., Shah v. Inter-Cont'l Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply.") Instead, all that matters for the purposes of Rule 10 is that the pleading is organized in a way to put the defendant on notice of the claims against them. *See Standard*, 658 F.3d at 797.

Here then, the mere fact that Berry has combined multiple statutory claims of discrimination in one count does not run afoul of Rule 10(b) and require dismissal. All of Berry's statutory claims in Count I are based on the same occurrence, or same series of occurrences, that being the alleged discriminatory conduct and retaliation perpetrated by her supervisor. The different statutory citations merely amount to different grounds for relief for the same allegedly wrongful conduct, and therefore the combined count is proper under Rule 10.

Regardless, even if the Court agreed with the Board that Berry's manner of pleading technically violated Rule 10, that would still not require dismissal because the Court finds that Berry's pleading puts the Board on fair notice of the claims against it. The Board's conclusory assertion that the combined nature of Count I deprives them of fair notice of the claims Berry intends to bring is dubious at best. After 44 paragraphs detailing her employment with the Board and the allegedly wrongful acts perpetrated by her supervisor, Berry is explicit that she intends to bring age, sex, and race discrimination claims, and cites multiple statutory grounds for those claims

including Title VII and § 1981. How much more notice could Berry possibly give the Board as to the legal claims she intends to bring, and the basis for those claims? Indeed, the Board notably does not argue that Berry's allegations are themselves insufficient to state a claim, at least as to her claims for race or sex discrimination and retaliation under Title VII or § 1981. The mere fact that those claims are combined in one count does not deprive the Board of fair notice of Berry's claims when it is otherwise apparent on the face of the Amended Complaint what causes of action she intends to bring. Further, any increased efficiency in later dispositive motion practice by having claims stated in separate counts is undermined by the waste of time and resources in having Berry resubmit an Amended Complaint that is virtually identical except for pleading claims in separate counts.[2]

It is true, as discussed further below, that Berry's individual claim under the IGVA, which she combines with her Title VII and §1981 claims in Count I, fails to state a claim for relief. But this does not require dismissal of Count I as a whole, as the Board can simply disregard this dismissed claim when answering. Finally, to the extent that the Board complains that Berry has attempted to plead an age discrimination claim under Title VII, Berry has remedied this issue in her responsive brief by clarifying she intended to bring a claim for age discrimination under the Age Discrimination in Employment Act. (Dkt. 24 at 8.) The Board further argues in a footnote that Berry has not stated a claim for age discrimination because she does not state her own age or the age of her supervisor, the latter of which seems entirely irrelevant as those who discriminate on the basis of age can be both younger and older than 40 years old. (Dkt. 22 at 4 n.1.) But even if this argument were properly submitted—and arguments buried in footnotes generally are not—the

---

[2] Additionally, the Court notes that the undersigned has a meet and confer requirement prior to the filing of any dispositive motion. There will therefore be an opportunity for the parties to discuss the scope of Berry's claims prior to the filing of any dispositive motion.

Court finds that Berry has plausibly alleged a claim for age discrimination. Setting aside the fact that the Board, as the employer, should already know Berry's age, the Court's review of the docket shows that Berry provided the Board with her birth date in her discovery responses, therefore clearing up any question as to whether she meets the age threshold under the ADEA . Further, the allegations in the Amended Complaint discussed above suggest that Berry was subjected to derogatory comments and disparate treatment from her supervisor on account of her age, and that her supervisor treated other younger employees more favorably. This is more than sufficient at this initial pleading stage to state a claim for age discrimination. *See generally McLaurin v. Chicago Transit Auth.*, No. 19 C 8441, 2022 WL 408096, at *2 (N.D. Ill. Feb. 10, 2022) (noting that, at the pleading stage, a plaintiff need only allege "the type of discrimination, when it occurred, and by whom.").

In sum, Berry's Amended Complaint provides fair notice of the claims against the Board in Count I for race, sex, and age discrimination and unlawful retaliation. The Board's motion to dismiss Count I in its entirety under Rule 10 is therefore denied.

**B. Berry has failed to state a claim for violation of the IGVA.**

The Board next argues that Berry's claim under the IGVA must be dismissed for failure to state a claim because: (1) the conduct alleged in the complaint is not actionable under the statute, and (2) a corporate entity such as the Board cannot be individually liable. The Court agrees on both accounts.

The IGVA creates a private right of action for damages or injunctive relief for a person who has been subjected to "gender-related violence." 740 ILCS 82/10. The statute defines "gender-related violence" as any of the following:

> (1) one or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of

a person's sex . . .

(2) a physical intrusion or physical invasion of sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois . . .

(3) a threat of an act described in item (1) or (2) causing a realistic apprehension that the originator of the threat will commit the act.

740 ILCS 82/5. The statute allows for relief against "a person or persons perpetrating that gender-related violence." 740 ILCS 82/10.

First, the Court agrees with the Board that the conduct alleged by Berry in the Amended Complaint does not fall into any of the IGVA's definitions of gender-related violence. There is no allegation that Berry's supervisor (or anyone else) engaged in acts of violence or physical aggression that would constitute a battery under Illinois law, or that any individual engaged in a physical intrusion or invasion of a sexual nature. Nor does Berry allege she was threatened with any of that conduct. Berry seems to concede as much in her response, ignoring the language of the statute and instead arguing that she nonetheless states a claim because her supervisor's denigrating and derogatory comments about her as a woman subjected her to "psychological gender-based violence," which she defines as "any act that causes emotional harm and targets someone because of their gender . . ." (Dkt. 24 at 8–9.) To be sure, the psychological harm Berry alleges to have suffered from her supervisor's comments on the basis of her sex might be relevant to her Title VII claims, whether in terms of proving sex discrimination or establishing damages. But Berry cites to no authority suggesting that such psychological harms constitute gender violence within the meaning of the IGVA in particular. This Court cannot recognize a cause of action that goes beyond the plain language of the statute, which speaks only of physical violence or threats of a physical nature when defining gender violence. Berry's allegations of psychological harm thus do not state a claim for gender violence as it is defined in the IGVA.

Additionally, the Board is right that, even if Berry could state a claim for gender violence, her claim against the Board would nonetheless fail because it cannot be liable under the IGVA. As noted above, the IGVA authorizes causes of action against a "person or persons" who commit gender-related violence, and every federal court in Illinois to consider this language has found that it does not include corporate entities. *See generally Mundo v. City of Chicago*, No. 20 C 2562, 2021 WL 3367160, at *4 (N.D. Ill. Aug. 3, 2021) ("[E]very district court so far 'to squarely address this issue has decided that the IGVA does not apply to corporations.'") (citation omitted); *Fayfar v. CF Mgmt.-IL, LLC*, No. 12 C 3013, 2012 WL 6062663, at *1 (N.D. Ill. Nov. 4, 2012) ("In Illinois, the general rule is that absent a statutory definition that expands the meaning of person, that term refers to an individual, not a legal entity.") (citing *People v. Christopherson*, 879 N.E.2d 1035, 1037 (Ill. App. Ct. 2007), *aff'd*, 899 N.E.2d 257 (Ill. 2008)). It is true that a few courts in this district have assumed, without deciding, that corporations can be subject to an IGVA claim. *See Mundo*, 2021 WL 3367160, at *4 (collecting cases). Further, at least one Illinois appellate court has indicated corporations may be subject to the IGVA "under some circumstances," though the court did not elaborate as to what those circumstances would be. *See Gasic v. Marquette Mgmt. Inc.*, 146 N.E.3d 10, 13 (Ill. App. Ct. 2019). Ultimately, however, this Court agrees with the reasoning of the court in *Mundo* that, absent Illinois Supreme Court authority to the contrary, the general rule that "person or persons" does not include corporate entities applies. *See* 2021 WL 3367160, at *4–5. As the Board is a corporate body, it cannot be held liable under the IGVA.

In sum, Berry's claim under the IGVA fails, and the Board's motion to dismiss the IGVA claim is therefore granted. The dismissal of the IGVA claim against the Board is with prejudice, given that the Board, as a corporate entity, cannot be liable under the statute.

**C. Berry's claim for "adverse action" in Count II is duplicative and fails to state a claim.**

Finally, the Board seeks dismissal of Berry's claim for "adverse action" in Count II. It is unclear to the Court what claim Berry is attempting to bring in Count II; while the Amended Complaint repeatedly refers to adverse employment actions allegedly taken by Berry's supervisor, Count II for "adverse action" specifically cites to 12 C.F.R § 1002.9, which is a regulation promulgated by the Consumer Financial Protection Bureau (CFPB), and 15 U.S.C. § 1681a(k)(1), a provision of the Fair Credit Reporting Act (FCRA). The Court imagines these citations are scrivener errors as Berry, who is pro se, prepared her own complaint. The cited provision of the FCRA includes a definition of "adverse action," but it is applicable only to claims under the FCRA, and not under Title VII. Similarly, the CFPB regulation discusses "adverse action" in the context of credit accounts. In any event, to the extent Berry intended to bring such claims under these cited provisions, she has not included any allegations that would plausibly suggest that her supervisor's conduct, or the Board's actions, violated any provision of the FCRA or the cited CFPB regulation, which generally relate to issues involving a consumer's credit reports, or actions taken based on those reports. Nor is it clear that she would have standing to sue under the CFPB regulation. Any such claims under the FCRA and CFPB are therefore dismissed without prejudice for failure to state a claim.

To the extent Berry intended to state a claim in Count II for adverse employment actions connected with her claims of discrimination, there is no separate cause of action for "adverse action." Rather, adverse action is an element of Berry's claims for discrimination. The claim is thus duplicative of Count I and otherwise fails to state any separate claim for relief. Count II is therefore dismissed.

## Conclusion

In sum, the Board's motion to dismiss is granted in part as to Berry's claim under the IGVA and her claim for adverse action under Count II, but otherwise denied. The Board shall answer the non-dismissed aspects of the Amended Complaint within 21 days of this order.

Dated: February 27, 2024

_Nancy L. Maldonado_

_____

Honorable Nancy L. Maldonado
U.S. District Judge